## PROVING NEGLIGENCE BY CIRCUMSTANTIAL TESTIMONY.

Circuit Court of Fulton County.

GENEVEVE SMITH'S ADMINISTRATOR v. FRANK J. CURTIS.

Decided, May 29, 1907.

*Evidence—As to What Caused an Explosion—Proof by Circumstantial Evidence—Not Applicable, When—Speculation and Conjecture—Contradictions—Negligence in the Sale of Gasoline—Application of the Scintilla Rule.*

1. The rule which permits the proving of a case by circumstantial evidence requires that the evidence shall be such that the court or jury can reason from established facts to well defined conclusions, and is not applicable if the conclusions are based in any degree on conjecture or speculation.

2. While there is force in the contention that contradictions in testimony should go to the jury for determination, a trial judge is not warranted in sending to the jury a case involving damages for injuries, where the inherent weakness of the evidence renders it impossible for the court to say, as a deduction from the facts, that the accident happened in the manner claimed by the plaintiff.

HAYNES, J.; PARKER, J., and WILDMAN, J., concur.

This case comes into this court upon a petition in error to reverse the action of the court of common pleas in directing a verdict for the defendant at the conclusion of the plaintiff's testimony.

The case has been earnestly argued by counsel for plaintiff in error, and we have endeavored to give it careful consideration and have discussed it at some length. I shall not, however, go into an extended discussion of the testimony, but content myself with speaking of the leading points in the case.

It may be premised at the outset that it involves a close question under the system of practice in this state. It seems that on a certain day last November Mrs. Smith was injured by the explosion of a can of oil or a mixture of oil and gasoline. She lingered for a period of nine days before she died. Her evidence, of course, is not taken, and under the rules of law statements made by her could not be given in evidence in this case, so that what she had to say in regard to the occurrence is

a closed book. The case before the court rests largely upon the testimony of the defendant, Curtis, and the husband of Mrs. Smith and her daughter, her daughter being about thirteen years of age.

The injuries or burns received by Mrs. Smith were severe and were confined largely to points above the waist and to the face. The contention of the plaintiff is that this daughter of Mrs. Smith went to the store of the defendant and asked for coal oil, and it is claimed that the defendant gave her oil that was mixed with gasoline. It is stated in the testimony of Mr. Curtis that he had received a barrel of gasoline the day before and that his clerk, in pumping it into another receptacle, had put it in with certain coal oil by mistake, and that he had ascertained that fact a short time before this young girl came in to inquire for the coal oil, and he claims, in his testimony, that he directed his clerk to draw the oil from a coal oil receptacle that contained oil that was sold at a price of sixteen cents a gallon and sell it to her at eleven cents, being the price of the oil that she usually purchased and the price of the oil that had been mixed with the gasoline. And he claims that after giving the order he followed the clerk to the room where the oil was kept and saw him drawing it out of the receptacle, and that he knows he drew it from the receptacle which contained the sixteen cent oil.

The girl testifies that after she had inquired for the oil that some conversation occurred between Mr. Curtis and his clerk in regard to the matter of oil, but what it was she could not state or repeat even the substance of it, but she claims that Mr. Curtis remained in the part of the store which is denominated the dry goods store or dry goods part of the store, and that he was not where he could see the clerk when he drew the oil and that he did not go, as I understand her testimony, near that part of the room.

The oil was taken home and the girl filled the lamps from it that evening, and a portion of it remained in the can, which is a half-gallon can, I believe, and it was set down a distance of about eight or nine feet from the stove, and remained there until the next afternoon; the time differs, but it would seem until

about five o'clock in the afternoon. This was in the month of November. The girl was working at the hotel and was not at home much of the time. At the time Mrs. Smith was burned nobody seems to have heard any explosion. The alarm was given and certain men who were working in the vicinity ran to the building, and one of them testifies. Her husband was telephoned to and came home in a few minutes and found his wife at a neighbor's. Everything at that time was, of course, in confusion. The fire had been put out and the stove, it was said, was deluged with water which had been poured in.

It was claimed on behalf of the plaintiff that there was an odor of gasoline detected about the fluid that had been used in the coal oil lamps. It was claimed that there was a burn in the corner of the room where the can had been placed and that the ceiling there was burned. At the time when the can was picked up, it was in front of the stove some five or six feet. The bottom was gone, but it was otherwise in its natural condition. The can is in evidence. It is a small can. The bottom is off, as stated. The top that screws on is on the can, and it seems that there is in the nozzle through which the fluid is poured out a little ball, inside, that, whenever the oil is poured out, falls down into the orifice and is supposed to retain any odor or gases escaping from the oil into the room.

These are the leading outlines of the case. After this testimony had been given, the court stated its reasons for giving the decision it did, but the fact was it directed a verdict by the jury for the defendant, and the sole question for us is whether or not he erred in doing so, or whether there was sufficient evidence to constitute what is sometimes called a scintilla of evidence to go to the jury, upon which the jury could have been called upon to pass.

It is urged here by counsel for plaintiff in error that a case may be proved by circumstantial evidence. We do not doubt that. But there are rules in regard to that binding upon the court and upon which courts act. The evidence must be such that the court can act from established facts to well defined conclusions. They are not allowed to conjecture nor to speculate. They are not permitted to theorize about the matter, ex-

cepting when they have definite facts that are well established; they may reach from those to conclusions in regard to the cause of the accident. It is required by the Supreme Court of Ohio that they should be definite and well fixed, and they have held in a case that has been cited to us (*Andrews* v. *L. S. & M. S. Ry. Co.* (58 Ohio St., 426; same case, 64 Ohio St., 614), in what appeared to be a pretty conclusive case of circumstantial evidence, that the facts did not prove or authorize the jury to draw the conclusions that they did draw from them.

Now there is, of course, this contradiction between the defendant in erorr and this young woman here testifying. It is claimed that that is a matter which should go to the jury, and there is some force in the suggestion. But that is not the whole case. The weakness of the case is that there was not sufficient evidence to enable the court to say, as a deduction from the facts, that the accident happened by the explosion of the gasoline in this can by being ignited from the fire in the stove. The evidence given in relation to the position of the can, the location of the burns on the body of Mrs. Smith, and all these matters, were all before the jury and are all before the court; and from them all the court must be able to point out a definite conclusion, sustained by the facts and by a logical sequence. And after we get through reading this record and sit down to talk about it we are still in the land of conjecture; the cause of the accident may have been one of a number of things. Before a man can recover of another for alleged negligence, he must show that the negligence of the party caused the injury, and we think that the court was right in its conclusions that the evidence submitted to him lacked this quality, that it lacked certainty or reasonable probability that the accident occurred in the manner in which it is claimed by the plaintiff, and that therefore the plaintiff's claims should fail. It was a sad accident, but in finding who shall be liable civilly for the results of that accident, we must pay attention to the rules of evidence and the law of the case.

We therefore affirm the judgment of the court of common pleas.

*Coldbram Schreiber*, for plaintiffs in error.

*Fites & Paxon*, for defendant in error.